# EXHIBIT 3

EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
DLP Funding, LLC,

Index No.: 542910/2025

Plaintiff,

**STIPULATION OF SETTLEMENT**

-against-

HRONIS, INC., HRONIS FRUIT COMPANY, HRONIS RANCH, LLC, HRONIS CITRUS, LLC, CALIFORNIA GRAPE GROWERS COOPERATIVE, INTERNATIONAL FRUIT COMPANY, INC., CENTRAL CALIFORNIA ORANGE GROWERS COOPERATIVE, SHAMROCK TRANSPORT, LLC, THE PETER HRONIS COMPANY LLC, PETER JOHN HRONIS, and KOSTA JAMES HRONIS,

Defendants.
---------------------------------------------------------------------X

This Stipulation of Settlement (the "Agreement"), is made and entered HRONIS, INC., HRONIS FRUIT COMPANY, HRONIS RANCH, LLC, HRONIS CITRUS, LLC, CALIFORNIA GRAPE GROWERS COOPERATIVE, INTERNATIONAL FRUIT COMPANY, INC., CENTRAL CALIFORNIA ORANGE GROWERS COOPERATIVE, SHAMROCK TRANSPORT, LLC, THE PETER HRONIS COMPANY LLC, PETER JOHN HRONIS, and KOSTA JAMES HRONIS, (collectively referred herein as "Defendants"), and DLP Funding, LLC ("DLP" or "Plaintiff") (Plaintiff and Defendants are collectively referred herein as the "Parties"), as of this December 18, 2025

## I. RECITALS

**WHEREAS**, the Parties entered into a Merchant Cash Advance Agreement ("MCA Agreement") by which DLP purchased, and Defendants sold, the future receivables of Defendants;

**WHEREAS**, Plaintiff alleges that Defendants have defaulted under the terms of the MCA Agreement;

**WHEREAS**, Defendants acknowledge that Defendants have defaulted under the terms of the MCA Agreement;

**WHEREAS**, Plaintiff has filed an action in the Supreme Court of the State of New York, Kings County, index no. 542910/2025 (the "Action") for the amount owed to Plaintiff, as well as attorneys fees, costs, and disbursements, pursuant to the MCA Agreement.

**WHEREAS**, the Parties wish to settle any claims, causes of action, rights and/or remedies, that were asserted, could have been asserted, should have been asserted and/or may exist from the beginning of time through the end of the world relating to the facts and circumstances arising from this Agreement and the terms set forth below.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and fully intending to be legally bound by this Agreement, the Parties mutually agree and contract as follows:

## II. SETTLEMENT AGREEMENT AND RELEASE.

### A. Settlement Amount and Schedule.

As of the date of this Settlement Agreement, Defendants will pay Plaintiff the sum of $3,325,000 ("Settlement Funds") via the following schedule:

- **$3,325,000 wire to the Law Office of Jacob Z. Weinstein, PLLC due on or before December 19, 2025**

<u>**Wire Instructions:**</u>
Bank Name: JPMorgan Chase 270 Park Avenue New York, NY 10017
ABA Routing: [redacted]
Account: [redacted]
Name of Account: The Law Office of Jacob Z. Weinstein, PLLC IOLTA Account

### B. Discontinuing the Action and Termination of UCC-1.

Upon the receipt of the full Settlement Funds, Plaintiff shall file a notice of discontinuance. Upon receipt of the full Settlement Funds, Plaintiff shall file for a UCC-3.

### C. No Right To Cure.

Payment of the Settlement Funds shall be with Time of the Essence and Defendants shall not be afforded a cure period.

### D. Default Under Agreement.

Pursuant to CPLR 3215(i), in the event Defendants fails to comply with this Agreement, Plaintiff shall have the right to enter judgment (the "Judgment") without further notice in the amount of $4,935,950.96 with Plaintiff providing to Defendants a credit for all monies paid under this Agreement, together with prejudgment interest of 16% from November 20, 2025, costs and disbursements, incurred by Plaintiff in connection with the Action and entering the Judgment.

**E. Mutual Release.**

Defendants, together with their respective successors, licensees, assigns, partners, subsidiaries, parents, affiliates, divisions, co-venturers, shareholders, officers, directors, employees, agents, accountants, attorneys, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing (hereinafter the " Defendants Releasors"), in consideration of this Agreement, do hereby release and forever discharge DLP, together with their respective successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, accountants, attorneys, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing (hereinafter the "DLP Releasees") of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, interests, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises, agreements, variances, trespasses, damages, judgments, extents, executions, demands, obligations, costs, expenses, losses, exposures and liabilities whatsoever, of every name and nature, both in law and equity, known or unknown, which against the DLP Releasees, any or all of the Defendants Releasors now have, ever had or shall later have, arising from, upon or by reason of any matter, cause or thing occurring at any time from the beginning of the world to the date hereof. This release shall not release the DLP Releasees from their obligations under this Agreement.

DLP, together with their respective successors, licensees, assigns, partners, subsidiaries, parents, affiliates, divisions, co-venturers, shareholders, officers, directors, employees, agents, accountants, attorneys, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing (hereinafter the "DLP Releasors"), in consideration of this Agreement, do hereby release and forever discharge Defendants, together with their respective successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, accountants, attorneys, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing (hereinafter the " Defendants Releasees") of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, interests, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises, agreements, variances, trespasses, damages, judgments, extents, executions, demands, obligations, costs, expenses, losses, exposures and liabilities whatsoever, of every name and nature, both in law and equity, known or unknown, which against the Defendants Releasees, any or all of the DLP Releasors now have, ever had or shall later have, arising from, upon or by reason of any matter, cause or thing occurring at any time from the beginning of the world to the date hereof. This

release shall not release the Defendants Releasees from their obligations under this Agreement.

**F. No Construction Against Any Party.**

The wording of this Agreement was reviewed and accepted by legal counsel for the parties before its execution and no party shall be entitled to have any wording of this Agreement construed as a matter of presumption against each other in the event of any dispute arising between them in connection with it.

**G. Entire Agreement/Amendments to the Agreement.**

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreement or any subsequent oral agreement. No amendment or variation of the terms of this Agreement shall be valid unless made in writing and signed by all Parties. If any provision of this Agreement or any part thereof is held to be invalid or unenforceable for any reason whatsoever, such invalidity and/or unenforceability shall not affect or impair the validity or enforceability of the remaining provisions or any part thereof.

**H. Counterparts.**

This Agreement shall be executed by the parties to the Agreement in counterparts, each of which shall be deemed to be an original. A facsimile copy of this Agreement shall have the same force and effect as an original.

**I. Authority.**

The Parties represent that each has authority to enter into this Agreement, whether on their own behalf or on behalf of an entity, Plaintiff represents to Defendants that it is the owner of the claims asserted in the Lawsuit that it seeks to settle by this Agreement and has not sold, assigned otherwise transferred such claims.

**J. Attorney Representation.**

The Parties agree and represent that each has been advised to be represented by counsel and has entered into this Agreement on their own accord they have not relied upon any statement or representation of any party in executing this Agreement, except as expressly provided or stated in this Agreement. The Parties acknowledge that each has been advised in writing (by this Agreement) to consult with an attorney prior to executing this Agreement.

**K. Jurisdiction.**

This Agreement shall be governed and construed in accordance with the laws of the State of New York, without regard to its choice of law principals, and all claims relating to or

arising out of this Settlement, or the breach therefore, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of the State of New York, without regard to its choice of law principals.

## III. SIGNATURES AND EXECUTION OF AGREEMENT.

The Parties intending to be legally bound hereby, have executed this Agreement as of the date first written above.

**DLP Funding, LLC**
Plaintiff

Levy Cohen
___________________________
By: Levy Cohen
Title: Owner

**HRONIS, INC., HRONIS FRUIT COMPANY, HRONIS RANCH, LLC, HRONIS CITRUS, LLC, CALIFORNIA GRAPE GROWERS COOPERATIVE, INTERNATIONAL FRUIT COMPANY, INC., CENTRAL CALIFORNIA ORANGE GROWERS COOPERATIVE, SHAMROCK TRANSPORT, LLC, and THE PETER HRONIS COMPANY LLC**
Defendant(s)

___________________________
By: **PETER JOHN HRONIS**
Title: Owner/Agent

**PETER JOHN HRONIS**
Defendant

___________________________
By: **PETER JOHN HRONIS**

**KOSTA JAMES HRONIS**
Defendant

___________________________
By: **KOSTA JAMES HRONIS**