6

GREGORY M. SALVATO (SBN 126285)
Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 423-0931

Local Counsel for Plaintiff and Counter-Defendant
DLP FUNDING LLC

[Captioned Continued on Next page]

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>HRONIS, INC., a California corporation, et al.,<br>Debtors-in-Possession. | Case No. 1:26-bk-10978<br>(Jointly Administered)<br><br>Chapter 11<br><br>Adv. Proc. No. 1:26-ap-01017<br><br>DCN: SB-2 |
| DLP FUNDING LLC, a New York limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>HRONIS, INC., a California corporation;<br>HRONIS FRUIT COMPANY LLC, a California limited liability company;<br>HRONIS RANCH, LLC, a California limited liability company;<br>HRONIS CITRUS, LLC, a California limited liability company; and<br>DOES 1 through 20, inclusive,<br>Defendants. | **Plaintiff and Counter-Defendant DLP Funding, LLC's Motion to Dismiss Defendants and Counter-Claimants' Amended Counterclaims [Dkt. No. 41]**<br><br><u>Hearing Date</u>:<br>Date: October 28, 2026<br>Time: 11:00 a.m. PST<br>Place: Courtroom 13 (5th Floor)<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge: Hon. René Lastreto II |
| AND RELATED COUNTERCLAIMS. | |

Continuation of Caption:

SHANNA M. KAMINSKI (P74013)
*Admitted Pro Hac Vice*
KAMINSKI LAW, PLLC
PO Box 247
Grass Lake, Michigan 49240-0247
Telephone: (247) 462-7111
skaminski@kaminskilawpllc.com

Attorneys for Plaintiff and Counter-Defendant
DLP FUNDING LLC

**TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS AND COUNTER-CLAIMANTS AND THEIR COUNSEL OF RECORD, AND THE UNITED STATES TRUSTEE:**

Plaintiff and Counter-Defendant DLP Funding, LLC's ("**DLP**" or "**Plaintiff**") hereby moves for entry of an order dismissing the amended counterclaims in Defendants and Counter-Claimants Hronis, Inc. et al.'s *Debtor Defendants' Plaintiffs' Amended Counterclaims in Response to Complaint to Determine Interest in Property of Pre-Petition Accounts and Related Relief* (Dkt. No. 41, the "**Amended Counterclaims**") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. This Motion to Dismiss is supported by this Motion, the concurrently filed Notice of Motion and Hearing and Memorandum of Points and Authorities in Support, the pleadings and exhibits on file in this adversary proceeding, and such other evidence as may be submitted at the hearing on the Motion.

DLP seeks dismissal of Defendants' counterclaims where: (a) as to Counts I through V, none of the requests for declaratory relief are viable as a matter of law because they are not relevant to any substantive cause of action asserted in the Amended Counterclaims; (b) as to Counts III through V, they are implausible because the Defendants are barred from asserting that the Purchase Agreement is anything other than a sale of accounts pursuant to the release of claims in the Stipulation of Settlement and the doctrines of judicial estoppel and res judicata; (c) as to Count V, the claim is not a plausible claim because the Defendants are barred from obtaining affirmative relief (which includes declaratory relief) based upon usury under New York law; (d) as to Count VII, 11 U.S.C. § 506 does not apply to sales of accounts, Defendants are barred from asserting that the transaction is a loan, and the Court lacks subject matter jurisdiction because there is no case or controversy to be adjudicated because the value of DLP's collateral is known and undisputed and lien priority has already been established in this case; and (e) as to Count VIII and Count IX (which depends on the success of Count

VIII), the claims are implausible as the Defendants cannot show they suffered a concrete injury because they received a significant cash infusion but never performed their obligations under the terms of the transaction.

## BACKGROUND

On November 14, 2025, DLP entered into a Merchant and Security Agreement ("**Purchase Agreement**") with the Defendants. (A true and correct copy of the Purchase Agreement is attached to DLP's Complaint [Dkt. Nos. 1 & 6] as Exhibit 1). The Purchase Agreement contains a governing law provision set forth in Paragraph II.5 which provides, in relevant part: "This Agreement shall be governed and construed in accordance with the laws of the state of New York. without regards to any applicable principals of conflicts of law." (Dkt. No. 6: Exhibit 1 at ECF p. 10 of 25, ¶ II.5).

Because Article 9 of the UCC expressly governs sales of accounts, DLP automatically obtained a security interest in the accounts receivable purchased from the Defendants that perfected on attachment pursuant to UCC § 9-309. Additionally, the Defendants expressly granted a security interest in all accounts receivable and the proceeds thereof to DLP. (Exhibit 1: Purchase Agreement at ECF p. 12 of 25). DLP filed a UCC-1 Financing Statement with the California Secretary of State's Office expressly identifying the transaction as a sale on November 25, 2025, and identifying its collateral as accounts and proceeds. (A true and correct copy of the UCC-1 Financing Statement is attached to DLP's Complaint [Dkt. Nos. 1 & 9] as Exhibit 2).

The Defendants immediately defaulted under the Purchase Agreement, which resulted in DLP initiating an action for breach in the Supreme Court for the State of New York for the County of Kings against the Defendants (the "**New York Action**"). On December 22, 2025, DLP and the Defendants executed a Stipulation of Settlement of the New York Action, in which the Defendants **expressly** stipulated that they sold accounts receivable to DLP under the Purchase Agreement. (A true and correct copy of the Stipulation of Settlement is attached to DLP's Complaint [Dkt. Nos. 1 & 8] as Exhibit 3). Specifically, the Defendants stipulated that "the Parties entered into a Merchant Cash

Advance Agreement ('MCA Agreement') by which DLP ***purchased***, and Defendants ***sold***, the future receivables of Defendants." (Dkt. No. 8: **Exhibit 3** at ECF p. 2) (emphasis added). In addition to expressly stipulating that the Purchase Agreement is a sale, the Defendants also released and forever discharged DLP

> of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, interests, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises, agreements, variances, trespasses, damages, judgments, extents, executions, demands, obligations, costs, expenses, losses, exposures and liabilities whatsoever, of every name and nature, both in law and equity, known and unknown, which against the DLP Releasees, any or all of the Defendants Releasors now have, ever had or shall later have, arising from, upon or by reason of any matter, cause or thing occurring at any time from the beginning of the world to the date hereof.

(*Id.* at ECF p. 4).

When the Defendants breached the terms of the Stipulation of Settlement, DLP first sought to enforce its security interest in the accounts receivable by sending notices pursuant to UCC §§ 9-406 and 9-607 to known account debtors of the Defendants in an effort to collect the accounts receivable purchased from the Defendants. DLP also sought and obtained a judgment against the Defendants in the New York Action on January 5, 2026. (A true and correct copy of the Judgment is attached to DLP's Complaint [Dkt. Nos. 1 & 7] as Exhibit 4). DLP was awarded a judgment in the amount of $5,035,160.16 against the Defendants. (Dkt. No. 7: Exhibit 4 - Judgment, p. 1).

The Defendants filed for Chapter 11 relief in this Court on March 6, 2026. On April 21, 2026, DLP initiated this Adversary Proceeding to determine the ownership and entitlement to accounts receivable being held in accordance with the UCC §§ 9-406 and 9-607 notices.

On May 11, 2026, the Court entered an *Agreed Order (1) Denying Defendants' Motion for Entry of an Order Enforcing the Automatic Stay and Awarding Sanctions against DLP Funding, LLC; and (2) Approving Joint Instructions to Account Defendants Regarding Payment of Accounts Receivable to Segregated Account* in the main

bankruptcy docket [Dkt. No. 287]. Pursuant to the order, the pre-petition funds held by account debtors of the Defendants pursuant to the pre-petition notices sent by DLP are being held in trust by the Defendants in a segregated bank account pending resolution of the Adversary Proceeding and further order of the Court.

On June 5, 2026, the Defendants filed their Counterclaim, in which they allege several declaratory relief claims, as well as claims under 11 U.S.C. §§ 506(a) and (d), 548(a), 550, and 551. After DLP filed a motion to dismiss, the Defendants filed their Amended Counterclaims—the operative pleading. (Dkt. No. 41).

For the foregoing reasons and those in the Memorandum of Points and Authorities, DLP respectfully requests that the Court grant the Motion to Dismiss, dismiss Defendants' Amended Counterclaims with prejudice, and grant such other and further relief as the Court deems just and proper.

Date: September 30, 2026

KAMINSKI LAW, PLLC

*/s/ Shanna M. Kaminski*

By: ______________________________
Shanna M. Kaminski
*Admitted pro hac vice*

Attorneys for Plaintiff & Counter-Defendant
DLP FUNDING LLC

-and-

SALVATO BOUFADEL LLP

*/s/ Joseph Boufadel*

By: ______________________________
Joseph Boufadel

Local Counsel for Plaintiff & Counter-Defendant
DLP FUNDING LLC