3

**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello (State Bar No. 244256)
rmarticello@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100 / Facsimile: (310) 691-1943

Mark S. Melickian (IL SBN 6229843)
(*Admitted Pro Hac Vice*)
mmelickian@raineslaw.com
30 North LaSalle Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 704-9400

Counsel to the Hronis Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>HRONIS, INC., a California corporation, *et al.*,<br><br>Debtors-in-Possession. | Case No. 1:26-bk-10978 (Lead Case)<br><br>RFL-1<br><br>Adv. Proc. No. 1:26-ap-01017 |
| DLP FUNDING LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HRONIS, INC., a California corporation; HRONIS FRUIT COMPANY LLC, a California limited liability company; HRONIS RANCH, LLC, a California limited liability company; HRONIS CITRUS, LLC, a California limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | **NOTICE OF HRONIS LIQUIDATING TRUST SUBSTITUTION AND APPEARANCE IN THE DLP ADVERSARY PROCEEDING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7025**<br><br>Judge: Hon. René Lastreto II |

**TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Eric A. Reubel of Dundon Advisers LLC, the Liquidating Trustee of the Hronis Liquidating Trust (the "**Trust**") appointed under the *First Amended Combined Plan of Liquidation and Disclosure Statement* (the "**Plan**") confirmed in these chapter 11 cases by Hronis, Inc., and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), in the above-captioned jointly administered chapter 11 cases (the "**Cases**"), by and through undersigned counsel, hereby submits this *Notice of Hronis Liquidating Trust Substitution and Appearance in DLP Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 25 and Federal Rule of Bankruptcy Procedure 7025*.

## I. <u>BACKGROUND</u>

On April 21, 2026, DLP Funding LLC ("**DLP**") commenced an adversary proceeding against the Debtors titled *Complaint to Determine Interest in Property of Pre-Petition Accounts and Related Relief* (Adv. Pro. No. 26-01017) (the "**DLP Adversary**"). The Debtors filed an answer and amended counterclaims against DLP.

On August 28, 2026, the Court entered a scheduling order [Docket No. 51] (the "**Scheduling Order**") in the DLP Adversary providing for the following relief:

> IT IS ORDERED that the status conference is CONTINUED to October 28, 2026, at 11:00 a.m., in Department B, Courtroom 13, Fifth Floor, U.S. Courthouse, 2500 Tulare Street, Fresno, California.
>
> IT IS FURTHER ORDERED that DLP Funding LLC, has through September 30, 2026, to file a responsive motion.
>
> IT IS FURTHER ORDERED that the Creditors Committee/Liquidating Trustee, has 21 days from the date the confirmed plan is effective to file a complaint in intervention.

On September 23, 2026, the Debtors confirmed the Plan [Docket No. 649]. The Plan went effective on September 25, 2026 [Docket No. 651].

Under the terms of the Scheduling Order, which was entered prior to the confirmation of the Plan, the Liquidating Trust appears to be required to file a motion under Bankruptcy

Rule 9024 and an accompanying complaint seeking to intervene, as a third party, in the DLP Adversary.

However, the Plan, in Article XI, Section J, provides as follows:

> On the Effective Date, Conterra or its designee, as purchaser under the APA, shall be responsible for defending the claims against the Debtors in the DLP Adversary. **Upon and as of the Effective Date, the Liquidating Trust is deemed substituted as the real party in interest for the Debtors in the DLP Adversary and responsible for prosecuting the counterclaims made by the Debtors against DLP Funding**. Conterra, its designee, and/or the Liquidating Trustee may take appropriate action to substitute themselves as parties to the DLP Adversary.

(*See* Plan at p. 80, lines 6 - 11 (emphasis added).) Since the confirmed Plan expressly provides for the Trust to be substituted in the DLP Adversary for the Debtors for purposes of prosecuting the counterclaims, there is no longer a reason or a basis to seek intervention. The Trust is not a third-party intervening into the proceeding. Rather, pursuant to the Plan and Federal Rule of Civil Procedure 25(c), it is replacing the Debtors as the real parties in interest as to the counterclaims.

Dated: October 16, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Robert S. Marticello*
Robert S. Marticello (SBN 244256)
Mark S. Melickian (*Admitted Pro Hac Vice*)

Counsel to the Hronis Liquidating Trust